```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. 1:04-cr-00013-001

**GEORGE COOKE**

<u>MEMORANDUM OPINION AND ORDER</u>

    In Bluefield, on February 22, 2011, came the defendant, George Cooke, in person and by counsel, Christian Capece; came the United States by Monica Schwartz, Assistant United States Attorney; and came the United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

    The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on February 1, 2011.  The court found that the defendant had received written notice of the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Defendant did not challenge at the hearing the violations alleged in the February 1, 2011 petition.  The Court found that the charges were established by a preponderance of the evidence.

    The court found that the Guideline imprisonment range for

the revocation of supervised release upon such grounds was twelve to eighteen months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of twenty-four months for a violation of a term of supervised release if the offense that resulted in the term of supervised release was a Class C or D felony.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a term of four (4) months.  The court imposed a fifteen (15) month term of supervised release following the defendant's period of incarceration.  The court also imposed two additional conditions on defendant's supervised release: (a) Mr. Cooke must purchase, at his own expense, and wear a SCRAM unit; and (b) Mr. Cooke must dedicate $50 from his weekly paycheck to pay off his state fine arising from an operator license reinstatement.  The court considered all of the factors

in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to protect the public, provide an adequate deterrent and reflect the seriousness of defendant's violations.

The defendant was informed of his right to appeal the court's revocation of his supervised release.  The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 23rd day of February, 2011.

ENTER:

David A. Faber
Senior United States District Judge